IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RUSSELL DEAN HARTER,**

        Plaintiff,

        v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

        Defendant.

No. CV 08-1193-AC

OPINION AND ORDER

**MOSMAN, J.**,

On August 4, 2010, Magistrate Judge Acosta issued Findings and Recommendation ("F&R") (#17) in the above-captioned case recommending that I affirm the Commissioner's decision. Plaintiff Russell Dean Harter filed objections to the F&R (#19).

## DISCUSSION

### I.  Standard of Review

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to

review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

Mr. Harter argues that the ALJ improperly discredited his testimony by placing improper weight on Mr. Harter's stale burglary conviction and Mr. Harter's ability to perform activities on days when he does not have a flare of severe back pain. I am not persuaded by Mr. Harter's arguments, which focus on some of the ALJ's stated reasons while ignoring others. Whether one of the ALJ's reasons, in isolation, provides a justifiable basis for rejecting Mr. Harter's testimony is not the question. Rather, the question is whether the ALJ's decision, read as a whole, provides clear and convincing reasons for his decision to find Mr. Harter's testimony not credible. In addition to Mr. Harter's conviction and his daily activities, the ALJ identified several other bases for his decision that are supported by substantial evidence in the record. These reasons include Mr. Harter's sporadic work history, his unexplained failure to follow treatment recommendations, evidence of possible drug-seeking behavior, and the conservative nature of the treatments prescribed by doctors. AR 49-50; *see also Fair v. Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989). Taken as a whole, the ALJ's reasons are clear, convincing, and supported by substantial evidence in the record.

I further disagree that the ALJ erred by determining that Mr. Harter's daily activities were inconsistent with disability. Mr. Harter is correct that the ALJ must consider Mr. Harter's ability to sustain work on a full-time basis, and, for this reason, an ability to engage in some activities of daily living *may* not be inconsistent with disability. But the analysis depends on nature of a claimant's

daily activity and its relationship to that claimant's alleged disability. Here, the record shows that Mr. Harter performed several strenuous activities, such as painting houses, pushing a car, mowing the lawn, gathering chicken eggs, and chopping wood, after the alleged onset of his disability. AR 49. Even assuming that Mr. Harter can only perform these activities on his "good days," it was not unreasonable for the ALJ to determine that a person with sporadic disabling back pain would avoid these activities entirely. This is particularly true in light of Mr. Harter's testimony that his "good days" were actually quite painful. For example, Mr. Harter testified that his pain registered as a "four or five" on a scale of ten on a "good day," and he "always [had] a degree of pain" with no relief. AR 22.

      Mr. Harter also argues that the ALJ erred by improperly rejecting the opinion of Dr. Naqvi, a treating physician. As a threshold matter, I note that Dr. Naqvi's opinion contains several findings that undermine Mr. Harter's allegations of disability. On December 4, 2006, Dr. Naqvi completed an evaluation form that asked him to confirm the diagnoses with which he agreed and cross out the diagnoses he could not support. AR 242. Dr. Naqvi crossed out the portion of the diagnosis that read: "On 'bad days' [Mr. Harter] explains his pain is so severe he only arises to do the most essential [activities of daily living] such as toileting, does not dress, and walking to the bath is excrutiating," which indicated that his findings could not support that diagnosis. AR 243. On the same page of the evaluation form, Dr. Naqvi wrote: "I do not doubt [Mr. Harter] has pain but not severe enough to debilitate him. With stronger pain medications, he might obtain better control and functional capacity but unfortunately, he has violated a [pain medication] contract at our clinic." AR 243. Dr. Naqvi further opined, in multiple places on the form, that Mr. Harter's symptoms were neither as severe as Mr. Harter reported, nor consistent with his medically diagnosed condition. AR 243-45. In light of these findings, it is not accurate to say that the ALJ "rejected" Dr. Naqvi's opinion. In fact, the ALJ's

PAGE 3 - OPINION AND ORDER

decision is, for the most part, entirely consistent with Dr. Naqvi's opinion.

The only element of Dr. Naqvi's opinion that might support a finding of disability is his determination that Mr. Harter's condition could cause him to miss several days of work per month. The ALJ properly rejected this limitation because Dr. Naqvi did not consider Mr. Harter's activities of daily living or Mr. Harter's noncompliance with suggested treatment. AR 50. Furthermore, as the ALJ noted, Dr. Naqvi's opinion regarding Mr. Harter's work attendance was based on his observation that Mr. Harter's "pain tolerance is low." AR 50, 244. Because the ALJ properly discredited Mr. Harter's testimony regarding the severity and intensity of his pain, it was also proper for the ALJ to reject a medical limitation based on Mr. Harter's subjective reports of pain.

With respect to lay witness testimony, the ALJ is required to consider the testimony and may reject it only after providing reasons "germane" to the witness. I agree with Judge Acosta's determination that inconsistency between a lay witness's observation and the record as a whole is a permissible reason to disregard lay witness testimony.

Finally, Mr. Harter argues that the ALJ's hypothetical question to the vocational expert did not properly set out his limitations and restrictions because it discounted testimony by Mr. Harter, the lay witnesses, and Dr. Navi. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008). Because I agree with Judge Acosta's determination that the ALJ properly discounted this testimony, I also agree that the ALJ's hypothetical question was proper.

For the foregoing reasons, I agree with Judge Acosta's recommendation, and I ADOPT the F&R (#17) as my own opinion. The Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this  1st  day of October, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 5 - OPINION AND ORDER